# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4783 | **DATE** | May 5, 2004 |
| **CASE TITLE** | Lewis v. Cook County Correctional Officers, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss the complaint [5-1]is granted, and plaintiff's complaint is dismissed with prejudice. ENTER MEMORANDUM OPINION.

(11) x   [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | MAY 0 7 2004 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALPACINO LEWIS, | ) |
| Plaintiff, | ) |
| v. | ) No. 03 C 4783 |
| COOK COUNTY CORRECTIONS OFFICERS BUTLER, D. BOOKER, LT. BYRNE, SGT. JARDINE, and the COUNTY OF COOK, | ) |
| Defendants. | ) |

DOCKETED
MAY 0 7 2004

## MEMORANDUM OPINION

Before the court is defendants Frank Butler and David Booker's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the motion is granted.

On July 11, 2003, plaintiff Alpacino Lewis filed this § 1983 excessive force action against four Cook County corrections officers and Cook County. Lewis alleges that on July 13, 2001, while he was in the custody of the Cook County Jail, defendants denied his request for medicine and then beat him. Officers Booker and Butler move to dismiss this action on two grounds: (1) res judicata; and (2) failure to exhaust administrative remedies.

### A. Res Judicata

Defendants contend that this action is barred by the doctrine of res judicata because of a prior action brought by plaintiff,



Lewis v. Cook County Corrections Officers, 01 C 6318, which was dismissed for want of prosecution by our colleague Judge Gottschall.[1] The factual allegations of the case before Judge Gottschall are virtually identical to those of the instant case, and plaintiff does not deny that the two actions are based on the same alleged incident.[2]

Res judicata, also known as claim preclusion, extends to all grounds for recovery that might have been presented in prior litigation if based on the same set of operative facts. See Licari v. City of Chicago, 298 F.3d 664, 667 (7th Cir. 2002). To apply the doctrine, three elements must be present: (1) a judgment on the merits in an earlier suit; (2) identity of the parties or their privies in both suits; and (3) identity of the causes of action in both suits. See Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc., 296 F.3d 624, 628 (7th Cir. 2002). This suit meets all three requirements of res judicata. Plaintiff does not contend otherwise, but argues that res judicata does not bar the instant action because the caption of this "refiled" suit supplies the names of the corrections officers allegedly involved, whereas the previous suit identified them as

---

[1] A dismissal for failure to prosecute operates as a judgment on the merits. See Fed. R. Civ. P. 41(b); LeBeau v. Taco Bell, Inc., 892 F.2d 605, 607 (7th Cir. 1989).

[2] Defendants also contend that plaintiff filed an identical lawsuit in a case that was before our colleague Judge Castillo, 03 C 6023. While the factual allegations in that case are similar, they are based on a separate incident involving different officers that allegedly occurred on August 25, 2001.

John Does. We are unpersuaded, especially considering that plaintiff cites no case law in support of his undeveloped argument. Tellingly, plaintiff acknowledges that the current defendants are the same unidentified officers from the previous suit, and even refers to the instant case as the "refiled" previous suit. Accordingly, res judicata bars plaintiff's claim in this action.

**B.    Failure to Exhaust Administrative Remedies**

An alternative ground for dismissal is plaintiff's failure to allege that he exhausted all available administrative remedies. The Prison Litigation Reform Act (the "PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Plaintiff argues that "it can be assumed that the governing authorities did not respond to his concerns." (Response at 4.) That would be an improper assumption, though, when the complaint does not allege that plaintiff completed, or even initiated, the grievance procedures afforded to prisoners at the Cook County Jail.

Moreover, having "concerns" does not equate with having filed a grievance.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the complaint is granted, and plaintiff's complaint is dismissed with prejudice.

DATE:     May 5, 2004

ENTER:    _____
          John F. Grady, United States District Judge